Owen McGtvern, J.
The petitioner herein moves for an order to vacate and set aside an award made by two of the arbitrators on the grounds (1) that they were guilty of misconduct in ref us *243 ing to hear pertinent evidence; (2) imperfectly executed their powers so that a definite award on the submitted matter was not made; (3) failed to comply with the arbitration agreement; (4) failed to pass on or dispose of all matters submitted; (5) that on the face of the award it appears that they did not comply with the agreement; (6) that the award was made by only two arbitrators and is therefore defective; and that the award does not comply with the requirement of section 1460 of the Civil Practice Act. The respondent cross-moves to confirm the award, or to correct it, or to submit it to the arbitrators for correction.
The parties herein entered into an agreement to submit two disputes to arbitration. The first controversy concerned a contract which had been amended by a letter. After delivery of the merchandise, the respondent claimed it did not conform to the amended contract, which the petitioner denied. The second dispute concerned a subsequent contract, unrelated to the first, and is in the nature of a counterclaim.
It is claimed by the petitioner that after exhibits were filed and oral testimony taken on both controversies, an award was made, which on its face indicates that in the first controversy only the original contract, and not the amended contract, was considered, and as it does not in any way refer to the second controversy, this matter was not passed upon. Also, one of the arbitrators refused to sign the award, making it defective, and allegedly in addition, the said arbitrator had informed petitioner that the two arbitrators had been guilty of misconduct. This arbitrator, who was the nominee of the petitioner, has submitted an affidavit in support of petitioner’s claims. The other two arbitrators have submitted affidavits in opposition. While the testimony of an arbitrator is inadmissible to impeach an award he has signed, if he has not signed the award, such testimony may be admitted. However, in that event the court should not be curtailed in hearing the position of the other arbitrators.
The first three grounds for vacatur of the award are on the claim that the award was not made on the amended contract, and is supported by the affidavit of its nominee-arbitrator. This is denied unqualifiedly by the nominee-arbitrator for respondent and the third arbitrator, selected by both nominee-arbitrators, in affidavits submitted by them. It is noted that the contract and the amending letter were before the arbitrators. In view of these facts, the court believes that these claims should be disregarded. The fourth ground is based on the claimed failure to consider the second dispute. Here again the same arbitrator supports petitioner’s position and the other two deny that con *244 tention, and again the instrument was before them. Accordingly, this claim should also be disregarded. Convincing evidence must be shown to rebut the presumption that the arbitrators did their duty. On the showing before the court such proof is lacking.
The fifth ground is based on the failure of the award to state that the amended contract and counterclaim were considered. No particular words are necessary to comply with section 1460 of the Civil Practice Act. From the papers submitted, it appears that the complete disputes were considered and disposed of, and although the award is inartistically drawn, it is in proper form for confirmation. So, too, with regard to the failure of all the arbitrators to participate in the decision, the submission was made pursuant to the laws of the State of New York, and in the absence of an expressly required concurrence, an award by a majority of the arbitrators is sufficient (Civ. Prac. Act, § 1456).
Finally, the award conforms to the statute insofar as the acknowledgment is concerned, and even though one of the arbitrators was incorrectly referred to as an umpire, such error is not fatal to the award.
Accordingly, the petition to vacate is dismissed and the cross motion to confirm the award is granted.
Settle order.